**Antonio Joao Conceicao SANTOS,
Petitioner,**

**v.**

---

Alberto R. GONZALES,* United States Attorney General, Respondent.

Docket No. 03–40267.

United States Court of Appeals, Second Circuit.

Argued: Aug. 26, 2005.

Decided: Sept. 9, 2005.

Per Curiam: Jan. 17, 2006.**

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Douglas P. Morabito, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, William J. Nardini, Assistant United States Attorney, of counsel), New Haven, CT, for Respondent.

Present: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

PER CURIAM:

On August 15, 2001, petitioner pled guilty to illegal sexual contact with a victim under the age of sixteen in violation of Conn. Gen.Stat. § 53–21(a)(2). Petitioner was ordered removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) on the ground that the section 53–21(a)(2) crime to which he pled guilty constituted "sexual abuse of a minor" and was therefore an aggravated felo-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

** This opinion was originally decided by summary order. See 148 Fed.Appx. 51 (2d Cir.

2005). It is now published as a per curiam opinion at the request of the government. No substantive change has been made to the order.

ny within the meaning of 8 U.S.C. § 1101(a)(43)(A). The BIA affirmed without opinion.

 While we do not have "jurisdiction to review a[ ] final order of removal against an alien who is removable by reason of having committed [an aggravated felony]," 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to review our jurisdiction, *see Smart v. Ashcroft,* 401 F.3d 119, 121 (2d Cir.2005). Petitioner argues that we have jurisdiction to grant his petition because, he asserts, his crime of conviction does not constitute "sexual abuse of a minor" as that term has been interpreted by the Board of Immigration Appeals (BIA).

The term "sexual abuse of a minor" employed in section 1101(a)(43)(A) is not defined in the relevant statute. The BIA has broadly defined the term "sexual abuse of a minor" to include the definition for sexual abuse found in 18 U.S.C. § 3509(a). *See Mugalli v. Ashcroft,* 258 F.3d 52, 60 (2d Cir.2001). It is, we concluded, a reasonable interpretation to which we owe *Chevron* deference. *Id.; see also id.* at 55 (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

 Although we accord *Chevron* deference to the BIA's interpretation of section 1101(a)(43)(A) in determining the meaning of "sexual abuse of a minor," we give no deference to the BIA's decision that a conviction under state law meets that definition. *Id.* at 55–56. We review such a decision de novo. *Id.* "In deciding whether a crime of conviction fits within the definitions of aggravated felony outlined in § 1101(a)(43), this court has adopted a categorical approach, focusing on the elements of the offense of conviction without regard to the factual circumstances of the crime." *Kamagate v. Ashcroft,* 385 F.3d 144, 152 (2d Cir.2004).

Section 3509(a)(8) defines "sexual abuse" to include, *inter alia,* "sexually explicit conduct." Under section 3509(a)(9)(A), "sexually explicit conduct" includes, *inter alia,* "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person." The Connecticut statute under which petitioner pled guilty criminalizes "contact with the intimate parts ... of a child under the age of sixteen ... in a sexual and indecent manner." Conn. Gen. Statute § 53–21(a)(2). We conclude that petitioner's conviction under this statute meets the definition for sexual abuse set forth by the BIA. Because petitioner pled guilty to committing an aggravated felony, and was ordered removed on the basis of that plea pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), we do not have jurisdiction to grant his petition for review. 8 U.S.C. § 1252(a)(2)(C).

## CONCLUSION

We have considered petitioner's jurisdictional arguments and conclude that they are without merit. With respect to petitioner's due process challenge, even if we had jurisdiction to review it and petitioner had not forfeited it, we would conclude that it, too, is without merit.

For the foregoing reasons, the petition for review is DENIED.