**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 18, 2006
Decided April 26, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3705

| | |
|---|---|
| VINODKUMAR PATEL, *Petitioner*, | On Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A38-196-218 |
| ALBERTO R. GONZALES, *Respondent*. | |

**O R D E R**

An IJ concluded that Vinodkumar Patel had been convicted in Illinois of predatory sexual assault of a child and is therefore subject to removal for committing sexual abuse of a minor, an aggravated felony under the Immigration and Nationality Act.  The BIA affirmed.  Patel argues in this petition for review that the BIA erred by failing to address his arguments that he is not subject to removal under the INA.  He also argues that the government did not meet its burden of proving the conviction by clear and convincing evidence.  We deny the petition for review.

## I.

Patel, a native and citizen of India, entered the United States as an immigrant in 1984. In September 2004 the Department of Homeland Security served Patel with a Notice to Appear charging that he is subject to removal based on a conviction for an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii). DHS alleged that Patel was convicted in Illinois for predatory criminal sexual assault of a child, 720 ILCS 5/12-14.1(a)(1), and that the conviction constitutes sexual abuse of a minor under the INA. Sexual abuse of a minor is an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(A), and as such a removable offense. DHS subsequently amended the Notice to Appear to allege that Patel also is subject to removal because his offense involved domestic violence, stalking, or child abuse, *see* 8 U.S.C. § 1227(a)(2)(E)(i), and constitutes a crime of violence, *id.* §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F).

To prove Patel's conviction the government introduced a copy of a "Certified Statement of Conviction/Disposition" showing that he was indicted in November 2001 on two counts of "Predatory Criminal Sexual," 720 ILCS 5/12-14.1(a)(1); two counts of "Crim Sex Assault/Families," 720 ILCS 5/12-13(a)(3); four counts of "Agg Crim Sex Abuse/Vic <1," 720 ILCS 5/12-16(c)(1)(I); and four counts of "Agg Crim Sex Abuse/Family," 720 ILCS 5/12-16(b). The Certified Statement of Conviction/Disposition establishes that nine of the counts were later dismissed. The government also introduced a certified copy of an "Order of Sentence and Commitment" from July 2003 showing that Patel had been found guilty of "Pred Criminal Sexual" in violation of 720 ILCS 5/12-14.1(a)(1) and sentenced to eight years incarceration. The Order of Sentence and Commitment incorporates an "Official Statement of Facts" which recounts that Patel sexually assaulted his minor daughter repeatedly between December 2000 and October 2001.

At his removal hearing Patel through counsel denied that he is removable on any of the three grounds alleged in the amended Notice to Appear. However, when questioned by the government, Patel admitted that he was "convicted on July 2, 2003 of predatory criminal sexual assault" committed against his daughter. The IJ concluded that Patel was convicted under 720 ILCS 5/12-14.1(a)(1), and that the statutory elements of this offense establish that Patel had been convicted of sexual abuse of a minor under the INA and thus, under 8 U.S.C. § 1101(a)(43)(A), an aggravated felony. The IJ also concluded that Patel's conviction was a crime of violence under 8 U.S.C. § 1101(a)(43)(F) and child abuse under 8 U.S.C. § 1227(a)(2)(E), and therefore Patel is removable on all three grounds alleged in the amended Notice To Appear. Patel's attorney argued that it was improper for the IJ to use Patel's testimony to determine what subsection of the Illinois statute Patel was convicted under. But the IJ explained that the certified copy of the Order of Sentence and Removal unambiguously showed that Patel was convicted under 720 ILCS 5/12-14.1(a)(1) and so it was not necessary to rely on Patel's testimony.

Patel appealed to the BIA. He argued that the IJ erred because the conviction records introduced by the government do not conclusively establish the Illinois statute under which he was convicted. Patel contended that the Certified Statement of Conviction "did not indicate under what provision of the statute" he was convicted, that "[t]he Sentencing Order is not one of the documents which may be used to prove" a conviction, and that his own testimony "is not a method of establishing removability under *Shepard v. U.S.*," 544 U.S. 13 (2005). Patel also argued that, even if the government met its burden of proof, the particular conviction is not a removable offense under the INA. In affirming the IJ's decision, the BIA held that the Order of Sentence and Commitment was admissible to prove the existence of Patel's conviction and upheld the factual determination that Patel was convicted of predatory criminal sexual assault of a child under 720 ILCS 5/12-14.1(a)(1).[1] The BIA also held that any violation under 720 ILCS 5/12-14.1(a)(1) categorically constitutes sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and is therefore an aggravated felony.

## II.

In his petition for review, Patel argues that the BIA failed to address his arguments that he was not subject to removal under the INA, and that, regardless, the government did not introduce sufficient evidence to prove up the conviction. The BIA found that Patel has a conviction for an aggravated felony, and the INA generally precludes us from reviewing removal orders entered against aggravated felons. *See* 8 U.S.C. § 1252(a)(2)(C); *Hamid v. Gonzales*, 417 F.3d 642, 645 (7th Cir. 2005). But the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 310-11, confers explicit jurisdiction on this court to review "constitutional questions and questions of law" raised in a petition for review even if the petitioner is an aggravated felon. *See Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 765 (7th Cir. 2005). Because Patel is an alien with lawful permanent resident status, DHS can remove him only if it establishes by clear and convincing evidence that he is removable. *See* 8 U.S.C. § 1229a(c)(3)(A); *Olowo v. Ashcroft*, 368 F.3d 692, 699 (7th Cir. 2004). We will uphold the BIA's determination that Patel is removable as long as it is based on "reasonable, substantial, and probative evidence." 8 U.S.C. § 1229a(c)(3)(A); *Olowo*, 368 F.3d at 699.

Patel argues that the BIA erred as a matter of law because it failed to address his argument that a conviction under 720 ILCS 5/12-14.1(a)(1) does not subject him to removal under the INA. His argument has no merit. The BIA did not ignore his argument; it held that a conviction under 720 ILCS 5/12-14.1(a)(1)

---

[1]In an apparent typographical error, the Board referred to the statute of conviction as 720 ILCS 5/12-14(a). Patel does not argue this mistake as a point of error in his brief.

qualifies categorically as one for "sexual abuse of a minor."  As such, the conviction is also an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(A), and Patel is subject to removal.

To the extent Patel additionally argues that the BIA erred in concluding that his conviction is one for sexual abuse of a minor, he is again wrong.  The INA does not define "sexual abuse of a minor," so it falls to the BIA to give the term meaning on a case-by-case basis, *Gattem v. Gonzales*, 412 F.3d 758,763 (7th Cir. 2005), and we owe the BIA deference in its interpretation so long as it is consistent with Congress's intent, *id.*  The BIA has previously held that "sexual abuse of a minor" should be interpreted using the plain meaning of the words. *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991, 993 (BIA 1999).  The term includes "a broad range of maltreatment of a sexual nature" including nonphysical abuse.  *See id.* at 996 (holding that conviction for exposing anus or genitals to child with intent to arouse or gratify sexual desire of any person constitutes sexual abuse of a minor).  The Illinois statute provides in relevant part: "The accused commits predatory criminal sexual assault of a child if the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed."  720 ILCS 5/12-14.1(a)(1).  Because the statutory elements require an act of sexual penetration upon a victim under the age of thirteen, it was not unreasonable for the BIA to hold that any conviction under the Illinois statute would "qualify categorically as 'sexual abuse of a minor'" because any violation of the statute would fall within the "ordinary, contemporary, and common meaning" of that term.  *See Gattem v. Gonzales*, 412 F.3d 758, 764 (7th Cir. 2005); *see also Afridi v. Gonzales*, No. 04-76600, 2006 WL 851758, at *2-3 (9th Cir. Apr. 4, 2006) (holding that conviction for engaging in sexual intercourse with minor who is more than three years younger than perpetrator is sexual abuse of a minor); *Santos v. Gonzales*, 436 F.3d 323, 324-25 (2d Cir. 2006) (holding that sexual contact with victim under sixteen is sexual abuse of a minor); *Taylor v. United States*, 396 F.3d 1322, 1329 (11th Cir. 2005) (holding that conviction for soliciting a child under sixteen to engage in sexual contact was conviction for sexual abuse of a minor).

Patel also appears to argue that the BIA erred by failing to address whether his conviction meets the definitions of a crime of violence or a crime of domestic violence under the INA.  This contention is irrelevant.  The BIA held that Patel is removable because he has a conviction for an aggravated felony.  It was unnecessary for the BIA to rule on the IJ's alternative grounds for removal.  *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir. 2005) (noting that petitions for review should be denied where the BIA or IJ relied on alternative grounds, one of which is sustainable).

Finally, Patel devotes the majority of his brief to the argument that the documents the government introduced lack "sufficient indicia of reliability" and

thus are inadequate to prove by clear and convincing evidence the section of Illinois law under which he was convicted. He contends that the Certified Statement of Conviction/Disposition shows only that nine of the twelve counts were dismissed and nowhere states that he was convicted on the remaining counts. The Order of Sentence and Commitment is no better, he argues, because it "is only somewhat legible," it "uses numerous abbreviations," it does not say "anything about the factual allegations" underlying the conviction, and "is simply a carbon copy form, completed by the deputy clerk, and . . . is also ambiguous."

The BIA correctly determined that Patel's conviction was adequately proved. The INA provides that any of the following documents or records constitutes proof of a criminal conviction:

>   1) An official record of judgment and conviction.
>   2) An official record of plea, verdict, and sentence.
>   3) A docket entry from court records that indicates the existence of the conviction.
>   4) Official minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of the existence of the conviction.
>   5) An abstract of a record of conviction prepared by the court in which the conviction was entered, or by a State official associated with the State's repository of criminal justice records, that indicates the charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence.
>   6) Any document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction.
>   7) Any document or record attesting to the conviction that is maintained by an official of a State or Federal penal institution, which is the basis for that institution's authority to assume custody of the individual named in the record.

8 U.S.C. § 1229a(c)(3)(B); *see also Francis v. Gonzales*, No. 04-2457-AG, 2006 WL 768549, at *8 (2d Cir. Mar. 27, 2006) (holding that Congress created a statutory list in § 1229a(c)(3)(B) of documents that constitute conclusive proof of conviction); *Fequiere v. Ashcroft*, 279 F.3d 1325, 1327 (11th Cir. 2002) (noting that forms of proof listed in § 1229a(c)(3)(B) are conclusive but not exclusive means of establishing conviction). The Certified Statement of Conviction/Disposition itself is insufficient to establish Patel's conviction because it does not disclose the disposition of the three counts that are not shown dismissed. But Patel's argument that the Order of Sentence and Commitment is insufficient strains credulity. The

Order of Sentence and Commitment is a record of judgment and conviction signed by the sentencing judge and plainly states that Patel was adjudged guilty of committing "Pred Criminal Sexual" in violation of 720 ILCS 5/12-14.1(a)(1) and sentenced to eight years' incarceration. This document alone is sufficient under 8 U.S.C. § 1229a(c)(3)(B)(i) to prove Patel's conviction.

Patel's reliance on *Dashto v. INS*, 59 F.3d 697 (7th Cir. 1995), for the proposition that a ministerial form prepared by a courtroom clerk is insufficient to prove a conviction is mistaken. In *Dashto* the petitioner was challenging the IJ's use of a conviction record to deny discretionary relief on the ground that the robbery he was convicted of involved the use of a firearm; the petitioner was not arguing that the conviction record was not enough to prove the underlying *conviction*. *Dashto*, 59 F.3d at 701-02. Patel's reliance on *Shepard v. United States*, 544 U.S. 13 (2005), and *Taylor v. United States*, 495 U.S. 575 (1990), is likewise mistaken. Both cases discuss what evidence, *other than* a judgment of conviction, can be used to prove a conviction for the purposes of enhancing a sentence. While the comparison might be appropriate in situations where the IJ does not have a judgment of conviction before him, here the IJ had a judgment of conviction, and that was all DHS needed to prove up Patel's conviction. *See* 8 U.S.C. § 1229a(c)(3)(B)(I).

Accordingly, we DENY the petition for review.