SUMMARY ORDER

Petitioner appeals that part of the decision of the Board of Immigration Appeals (“BIA”) which denied her appeal of the decision of an Immigration Judge (“IJ”) finding her removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony at any time after admission. We assume the parties’ familiarity with the facts of the case, its *659 procedural history, and the scope of the issues on appeal.
“When the BIA issues an opinion, that decision becomes the focus of our review.” Dong Gao v. BIA, 482 F.3d 122, 125 (2d Cir.2007). “[W]hen, in the course of interpreting the INA, the BIA has interpreted state or federal criminal laws, we review its decision de novo.” James v. Mukasey, 522 F.3d 250, 254 (2d Cir.2008).
Castro-Batista argued before the BIA that the statute under which she was convicted, N.Y. Penal Law § 130.45, has two subsections, and that only the first subsection, and not the second, entails a violation that necessarily constitutes “sexual abuse of a minor,” i.e., an aggravated felony under the INA, see 8 U.S.C. § 1101(a)(43)(A). Under our traditional “categorical approach” to determining whether a crime is an aggravated felony, “the singular circumstances of an individual petitioner’s crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant.” James, 522 F.3d at 254 (modification omitted) (quoting Dalton v. Ashcroft, 257 F.3d 200, 204 (2d Cir.2001)). But when a criminal statute encompasses more than one class of criminal acts, and only some of the classes necessarily constitute aggravated felonies, “the agency may then ‘refer to the record of conviction for the limited purpose of determining whether the alien’s conviction was under the branch of the statute that permits removal.’ ” Id. (quoting Dickson v. Ashcroft, 346 F.3d 44, 48-49 (2d Cir.2003)) (modification omitted). Originally, the Government argued that this is what we should do in this case, and on that basis affirm the BIA.
Now, however, in a Fed. RApp. P. 28(j) letter dated July 30, 2009, the Government has pointed out, and Castro-Batista has conceded, that the second subsection was not in force in December 2000 when she was convicted. At that time, the statute read in its entirety: “A person is guilty of sodomy in the second degree when, being eighteen years old or more, he engages in deviate sexual intercourse with another person less than fourteen years old.” N.Y. Penal Law § 130.45 (2000). It is therefore clear that Castro-Batista was convicted under a statute any violation of which constitutes an aggravated felony. See Santos v. Gonzales, 436 F.3d 323, 325 (2d Cir.2006) (per curiam).
While the BIA did err by addressing the incorrect version of N.Y. Penal Law § 130.45, “we are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion.” Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 401 (2d Cir.2005). In this case, where we “can confidently predict that the agency would reach the same decision absent the errors that were made,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 339 (2d Cir.2006), remand would be futile. Therefore, “[b]ecause petitioner pled guilty to an aggravated felony, and was ordered removed on the basis of that plea pursuant to 8 U.S.C. § 1227(a)(2)(a)(iii), we do not have jurisdiction to grant [her] petition for review.” Santos, 436 F.3d at 325 (citing 8 U.S.C. § 1252(a)(2)(C)).
For these reasons, the petition for review is DISMISSED.