**Edin KRUPIC, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

Nos. 08–1791–ag(L), 08–5434–ag.

United States Court of Appeals, Second Circuit.

Oct. 23, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Gerald P. Seipp, Oldsmar, FL, for Petitioner.

P. Michael Truman (Keith I. McManus, Senior Litigation Counsel, and Tony West, Assistant Attorney General, Civil Division, on the brief), U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: CHESTER J. STRAUB, B.D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Edin Krupic, a native and citizen of Bosnia, seeks review of two orders of the BIA, the first dismissing his appeal from the Immigration Judge's decision denying relief under the Convention Against Torture ("CAT") and ordering him removed to Bosnia, and the second denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

Krupic first contends that the BIA erred in concluding that Krupic's state conviction of sexual abuse in the second degree, N.Y. Penal Law § 130.60(2), constituted an aggravated felony under section 101(a)(43)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(A). As we stated in *Santos v. Gonzales*, 436 F.3d 323 (2d Cir.2006) (per curiam), "[w]hile we do not have jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony, we have jurisdiction to review our jurisdiction." *Id.* at 325 (internal quotation marks, citations, and alterations omitted). We have, however,

clearly recognized a mandatory but waivable requirement of issue exhaustion. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007).

Krupic argues, as he did before the BIA, that a misdemeanor conviction cannot constitute an aggravated felony under the INA. However, we have held that Congress can, and did, "make the word 'misdemeanor' mean 'felony' " in appropriate circumstances. *United States v. Pacheco*, 225 F.3d 148, 149 (2d Cir.2000). Thus, his initial argument challenging the BIA's conclusion that his state court conviction constituted an aggravated felony is without merit.

■ Krupic goes on to argue before us that his crime of conviction does not "fit" within the definition of aggravated felony in INA section 101(a)(43)(A) under either a categorical approach or a modified categorical approach. In support of this argument, he relies primarily on *James v. Mukasey*, 522 F.3d 250, 258 (2d Cir.2008). Krupic, however, did not raise this issue before the BIA, even though he did argue it before the IJ. His failure to raise the issue before the BIA means that it was not exhausted. Accordingly, we decline to consider it. Moreover, we are not persuaded by Krupic's contention during oral argument that this is a specific, subsidiary legal argument to the more general issue raised below, *see Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005), particularly where Krupic was represented by counsel, and counsel made the conscious choice to abandon the categorical approach argument before the BIA after pressing it unsuccessfully before the IJ. We therefore find no error in the BIA's determination that Krupic was removable as an aggravated felon to the extent that it found that a misdemeanor conviction can constitute an aggravated felony under the INA.

To the extent that Krupic challenges the BIA's denial of his request for CAT relief, we may not review this denial of relief unless we have jurisdiction to do so. As we stated in *Poole v. Mukasey*, 522 F.3d 259, 262 (2d Cir.2008), "[w]ith respect to a removal order against a non-citizen who is removable by reason of having committed an aggravated felony, we lack jurisdiction unless the petition raises a constitutional claim or a question of law." *See also* 8 U.S.C. § 1252(a)(2)(C), (D).

██ Krupic raises for the first time in this appeal multiple challenges to the BIA's denial of CAT relief, and because they are unexhausted, we need not consider them. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). Even if we were to consider Krupic's new arguments, none of them raises a genuine legal question that would confer jurisdiction. First, CAT does not expressly provide for a presumption of future torture based on a petitioner's experience of torture in the past; as the government notes, past torture is only one item on a non-exhaustive list of evidence that an immigration judge ("IJ") may consider in assessing the likelihood of future torture. 8 C.F.R. § 1208.16(c)(3)(i)–(iv). Krupic's other arguments essentially constitute challenges to the IJ's factual determinations regarding country conditions in Bosnia. As a result, we lack jurisdiction to review the agency's denial of CAT relief, and even if we could review that denial, we would conclude that Krupic's arguments are without merit.

██ Krupic next argues that the BIA abused its discretion in denying his motion to reopen. We generally review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam), but where, ·as· here, the underlying relief sought by the petitioner is discretionary and the BIA denies the motion based on its conclusion that the petitioner does not warrant such discretionary relief, we lack jurisdiction to review the denial, *see Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir.2005).

We have considered Krupic's other contentions and conclude that they are without merit.

For the foregoing reasons, Krupic's petitions for review are DENIED in part and DISMISSED in part. As we have completed our review, any pending motion for a stay of removal in these petitions is DISMISSED as moot.