15-1797 (L), 15-3388 (Con)
Barua v. Sessions
BIA
Mulligan, IJ
A096 426 155

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> ROBERT D. SACK,
> > *Circuit Judges.*

_____

EMON BARUA,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

15-1797 (L)
15-3388 (Con)
NAC

_____

**FOR PETITIONER:** Thomas E. Moseley, Newark, N.J.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney

General; Terri J. Scadron, Assistant Director; Colin J. Tucker, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the lead petition for review is DENIED IN PART and DISMISSED IN PART, and that the consolidated petition for review is DENIED.

Petitioner Emon Barua, a native and citizen of Bangladesh, seeks review of two decisions of the BIA: a May 13, 2015, BIA decision affirming a November 26, 2014, decision of an Immigration Judge ("IJ") denying Barua's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and a September 28, 2015, BIA decision denying Barua's motion to reopen. *In re Emon Barua,* No. A096 426 155 (B.I.A. May 13, 2015), *aff'g* No. A096 426 155 (Immig. Ct. N.Y. City Nov. 26, 2014); *In re Emon Barua,* No. A096 426 155 (B.I.A. Sept. 28, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

# I. Jurisdiction

We generally lack jurisdiction to review a final order of removal against an alien, such as Barua, who is ordered removed on the basis of an aggravated felony conviction; however, we have jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). This jurisdictional limitation applies to both petitions for review. *Ortiz-Franco v. Holder*, 782 F.3d 81, 90 (2d Cir. 2015); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004).

# II. Lead Petition (15-1797)

We have reviewed the IJ's decision as modified by the BIA (i.e., excluding the IJ's credibility determination relating to Barua, which the BIA declined to rely on). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established: "We review the agency's factual findings for substantial evidence and questions of law *de novo*." *Cotzojay v. Holder*, 725 F.3d 172, 177 n.5 (2d Cir. 2013) (citations omitted); 8 U.S.C. § 1252(b)(4)(B).

**A. Aggravated Felony.** Barua argues that he was not convicted of an aggravated felony because New York Penal Law ("NYPL") § 130.45(1) is broader than the generic aggravated

3

felony definition of "sexual abuse of a minor" and because New York's attempt statute is broader than federal law.  Although Barua's arguments present reviewable questions of law, *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006), they are without merit.

An alien convicted of an aggravated felony is removable from the United States and ineligible for asylum.  8 U.S.C. §§ 1227(a)(2)(A)(iii), 1158(b)(2)(A)(ii), (B)(i).  The INA defines "aggravated felony" to include "sexual abuse of a minor," and an attempt to commit an aggravated felony is also an aggravated felony.  8 U.S.C. § 1101(a)(43)(A), (U).  The term "sexual abuse of a minor" is not defined; however, "the BIA has invoke[d] . . . as a guide the broad definition of 'sexual abuse of a minor' in 18 U.S.C. § 3509(a)." *James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008) (quoting *In re Rodriguez-Rodriguez*, 22 I & N Dec. 991, 995-96 (B.I.A. 1999)).  That is reasonable, as we have held.  *Mugalli v. Ashcroft*, 258 F.3d 52, 60 (2d Cir. 2001).

Although "we accord *Chevron* deference to the BIA's interpretation of section 1101(a)(43)(A) in determining the meaning of 'sexual abuse of a minor,' we give no deference to the BIA's decision that a conviction under state law meets that

4

definition." *Santos v. Gonzales*, 436 F.3d 323, 325 (2d Cir. 2006). "[W]e generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). "Under this approach, we look 'to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015) (quoting *Moncrieffe*, 133 S. Ct. at 1684). "[T]he singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *Pascual v. Holder*, 707 F.3d 403, 405 (2d Cir. 2013), *adhered to on reh'g*, 723 F.3d 156 (2d Cir. 2013) (internal quotations marks omitted).

The issue is therefore whether the "minimum criminal conduct necessary to sustain a conviction under" NYPL § 130.45(1) categorically fits within the generic federal definition of sexual abuse of a minor in 18 U.S.C. § 3509(a)(8). *See Flores*, 779 F.3d at 165. Under NYPL § 130.45(1), "criminal sexual act in the second degree" occurs when, "being eighteen years old or more, [a person] engages in oral sexual conduct

5

or anal sexual conduct with another person less than fifteen years old." Under federal law, "sexual abuse includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, [inter alia] sexually explicit conduct . . . ." 18 U.S.C. § 3509(a)(8).

In *Oouch v. U.S. Dep't of Homeland Sec.*, 633 F.3d 119 (2d Cir. 2011), we determined that "Each category of 'sexual conduct' under New York law is subsumed in the federal definition of 'sexually explicit conduct'" in 18 U.S.C. § 3509(a)(8)*. Id*. at 123. And, although we have not decided whether "sexual contact," as defined by New York law, may be broader than 18 U.S.C. § 3509(a), *see James*, 522 F.3d at 258, there is no such issue here. Despite Barua's claims otherwise, his conviction does not involve the broader concept of "sexual contact" under New York law. Instead, NYPL § 130.45(1) criminalizes oral and anal "sexual conduct" with a minor, and we have already held that these definitions of sexual conduct are "subsumed in the federal definition." *Oouch*, 633 F.3d at 123 & n.5. As the agency concluded, a conviction for attempted criminal sexual act in the second degree is therefore an aggravated felony. *See Flores*, 779 F.3d at 165; *Oouch*, 633 F.3d

6

at 123; *see also* 8 U.S.C. § 1101(a)(43)(U).

Barua argues that his conviction cannot qualify as an attempted aggravated felony because New York's attempt statute is broader than federal law. Under NYPL § 110, "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." Under federal law, "[a] person is guilty of an attempt to commit a crime if he or she (1) had the intent to commit the crime, and (2) engaged in conduct amounting to a 'substantial step' towards the commission of the crime." *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985). Because the New York provision is "more stringent than the . . . 'substantial step' test," *People v. Acosta*, 80 N.Y.2d 665, 670 (1993), and requires the defendant to "have engaged in conduct that came dangerously near commission of the completed crime," *People v. Denson*, 26 N.Y.3d 179, 189 (2015) (internal quotation marks omitted), a violation of NYPL § 110 categorically constitutes an attempt for purposes of the INA. *See Gousse v. Ashcroft*, 339 F.3d 91, 96 (2d Cir. 2003) ("Unless the offense of conviction is broader, the petitioner has committed an 'aggravated felony' irrespective of the particular circumstances of his crime."). As the agency determined, a

7

conviction for violating NYPL §§ 110, 130.45(1) categorically constitutes an aggravated felony related to an attempt to commit a sexual abuse of a minor aggravated felony.

**B. Particularly Serious Crime.** Withholding of removal under both the Immigration and Nationality Act ("INA") and CAT is unavailable if an alien has been convicted of a particularly serious crime. 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). If, as here, the crime is not per se particularly serious, the BIA "examine[s] the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007); *see also Nethagani v. Mukasey*, 532 F.3d 150, 154 n.1, 155 (2d Cir. 2008). We have jurisdiction to review whether the agency considered these factors, but not the weighing of the factors, which is discretionary. *See Nethagani*, 532 F.3d at 154-55.

The IJ enumerated each of the factors and considered them. Barua does not argue otherwise. His arguments concern only the weighing of the discretionary factors, which we lack jurisdiction to consider. *See Nethagani*, 532 F.3d at 154-55. We therefore dismiss the petition as it relates to the denial of withholding of removal.

8

**C. CAT Deferral.** Deferral of removal under CAT remains available to an alien otherwise barred from relief due to aggravated felonies and particularly serious crimes. *See* 8 C.F.R. § 1208.17(a). To obtain deferral of removal, an alien must show that "it is more likely than not that [he] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," 8 C.F.R. § 1208.18(a)(1), (a)(7), and cognizable acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it," *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). "A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding." *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

Barua has not challenged the adverse credibility finding as to his own testimony. His argument is that the BIA ignored his challenges to the adverse credibility finding against his father. However, "we do not demand that the BIA expressly parse or refute on the record each individual argument or piece of

9

evidence offered by the petitioner." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted). "[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n.17 (2d Cir. 2006). Here, the BIA stated explicitly that "[t]he Immigration Judge made factual findings based on the evidence of record that are not clearly erroneous," Certified Administrative Record ("CAR") at 175, which sufficiently reflects consideration of Barua's challenges to his father's credibility determination.

In any event, there was no compelling need for the BIA to consider in depth the credibility of Barua's father, who testified about the targeting of his family members in Bangladesh in the past--the most recent event being the kidnapping of his cousin in early 2009--and was devoid of any first-hand knowledge of current country conditions. However, the country conditions evidence did not establish "that it is more likely than not that government officials would, *in the future*, acquiesce in or turn a blind eye to harm amounting to torture committed against [Barua]," CAR at 178 (emphasis added). As the BIA observed, the 2013 U.S. Department of State

10

Country Report provided that the Bangladesh government had recently deregistered as a political party the group that had purportedly targeted Barua's family, banned it from participating in elections, and arrested its affiliates for acts of violence against religious minorities. Since the father's testimony was therefore of little value in assessing whether the current government of Bangladesh would acquiescence in any future torture of Barua, we find no error in the BIA's cursory treatment of Barua's challenges to his father's credibility determination.

**III. Consolidated Petition (15-3388)**

We review the denial of a motion to reopen for abuse of discretion, mindful that such motions are "'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

Barua moved to reopen to seek adjustment of status based on his pending immigrant visa petition, a discretionary form of relief, based on a pending visa petition filed by his U.S.-citizen wife. *See* 8 U.S.C. § 1255(a).

First, Barua argued that he was eligible to adjust status without an INA § 212(h) waiver of inadmissibility because his conviction was not a crime involving moral turpitude ("CIMT").

11

The BIA determined that reopening was not warranted because Barua could have applied to adjust status before the IJ.  A motion to reopen "for the purpose of affording the alien an opportunity to apply for any form of discretionary relief" will not be granted if the alien had an opportunity to apply for that relief at a former hearing.  8 C.F.R. § 1003.2(c)(1).  Assuming that Barua's conviction is not a CIMT, he was eligible to petition for an immigrant visa and apply to adjustment of status when he married his wife in December 2009--four years before his initial hearing with the IJ in December 2013.  Barua argues that he was not eligible to adjust status until our decision in *Husic v. Holder*, 776 F.3d 59, 64 (2d Cir. 2015), which held that an alien like Barua, with an aggravated felony conviction, is eligible for § 212(h) relief, but this argument is relevant only if Barua's conviction constitutes a CIMT.  Stated another way, the impediment to § 212(h) relief removed by *Husic* has no bearing on Barua's claim that he is eligible to adjust status without a § 212(h) waiver.

Second, Barua argued that he was eligible to adjust status even if his conviction was a CIMT because he was eligible for a § 212(h) waiver.  The BIA reasonably denied Barua's motion because he did not show prima facie eligible for relief.  *See*

12

*INS v. Abudu*, 485 U.S. 94, 104 (1988). To adjust to lawful permanent resident status, an alien must, among other things, be admissible to the United States or be granted a waiver of inadmissibility. 8 U.S.C. § 1255(a). Therefore, if Barua's conviction is a CIMT, he required a § 212(h)(2) waiver to be eligible to adjust status. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I), (h)(2). The BIA did not err in ruling that Barua did not merit a § 212(h) waiver as a matter of discretion, given his "aggravated felony conviction for attempting to commit a sexual act with a minor." Barua therefore failed to demonstrate his prima facie eligibility for adjustment. Barua argues that this ruling is in tension with *Husic*. However, the BIA determined that Barua did not merit a waiver as a matter of discretion; it did not find that he was *statutorily* barred by his conviction for an aggravated felony. That was an appropriate basis for the BIA to deny reopening. *See Abudu*, 485 U.S. 94, 105 ("[I]n cases in which the ultimate grant of relief is discretionary[,] . . . the BIA may . . . simply determine that . . . the movant would not be entitled to the discretionary grant of relief."). Accordingly, Barua has failed to demonstrate any legal or constitutional error in the BIA's denial of his motion to

13

reopen.

For the foregoing reasons, the lead petition for review is DENIED IN PART (as to removal, asylum, and CAT relief) and DISMISSED IN PART (as to withholding of removal), and the consolidated petition for review is DENIED.  It is further ORDERED that Petitioner's motion for oral argument and/or to hold the petitions for review in abeyance is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk