09-2313-ag
Ganzhi v. Holder

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2009

Argued: March 1, 2010      Decided: September 7, 2010[1]

Docket No. 09-2313-ag

_____

WALTER EDUARDO GANZHI,

*Petitioner*,

-v.-

ERIC H. HOLDER, JR., Attorney General of the United States,

*Respondent*.

_____

Before:      WALKER, LIVINGSTON, and LYNCH, *Circuit Judges*.

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") that found Petitioner removable as having been convicted of an "aggravated felony" under Immigration and Nationality Act § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Because the BIA and IJ correctly found Petitioner's statute of conviction to be divisible, and review of Petitioner's record of conviction shows that he was

---

[1] This case was originally decided by summary order on May 11, 2010. Our decision is reissued today as a published opinion, with amendments as necessary to present the facts and procedural history of the case.

convicted under a branch of the statute that constituted an aggravated felony, we DENY the petition for review.

NANCY E. MARTIN, Collins & Martin, P.C., Wethersfield, CT, *for Petitioner*.

JEFFREY L. MENKIN, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, Civil Division, and Mark C. Walters, Senior Litigation Counsel, *on the brief*), Department of Justice, Washington, D.C., *for Respondent*.

PER CURIAM:

Petitioner Walter Eduardo Ganzhi ("Ganzhi"), a native and citizen of Ecuador, seeks review of a May 5, 2009 order of the Board of Immigration Appeals ("BIA") affirming the October 24, 2007 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., ordering Ganzhi "removed and deported" as an alien who had been convicted of an aggravated felony under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). *See In re Walter Ganzhi*, No. A075 920 641 (B.I.A. May 5, 2009), *aff'g* No. A075 920 641 (Immig. Ct. Buffalo, N.Y. Oct. 24, 2007). Ganzhi argues that the BIA and IJ improperly found him removable, in that his conviction for sexual misconduct pursuant to New York Penal Law ("NYPL") § 130.20 does not qualify as an aggravated felony under the categorical approach employed in reviewing statutes of conviction and, further, that section 130.20 is not "divisible" and therefore is not subject to the modified categorical approach that permits a court to examine an alien's record of conviction in determining whether he is removable. Ganzhi further contends that, even supposing that his statute of conviction is divisible, the BIA and IJ erred by considering materials that were not a part of his record of conviction in

2

making their determinations. Because the BIA and IJ correctly determined that Ganzhi's statute of conviction is divisible, and because a review of Ganzhi's record of conviction demonstrates that he was convicted pursuant to statutory provisions that constitute an aggravated felony, we deny the petition for review.

**BACKGROUND**

Ganzhi arrived in the United States at an unknown location on August 28, 1995. On September 30, 1998, he was arrested and subsequently charged with sexual misconduct and endangering the welfare of a child in violation of NYPL §§ 130.20(1) and 260.10(2), pursuant to a criminal information that specified, with respect to the sexual misconduct charge, that Ganzhi had engaged in "sexual intercourse with a female without her consent" and that "[l]ack of consent was due to the fact that the victim is deemed incapable of consent because she is less than 17 years of age." After an adjustment of status interview in which he evidently failed to disclose the criminal charges pending against him to immigration authorities, Ganzhi's immigration status was adjusted to that of lawful permanent resident on November 16, 1999. He subsequently pled guilty to the charge of sexual misconduct on December 13, 1999.

On July 29, 2004, the Department of Homeland Security ("DHS") initiated removal proceedings against Ganzhi via a Notice to Appear, charging him as removable for having procured his admission to the United States by fraud under INA §§ 212(a)(6)(C)(i), 237(a)(1)(A), 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A), and as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), specifically a "crime of violence" as defined in INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). The aggravated felony charge was later withdrawn and

3

replaced with a charge of removability based on conviction for a crime involving moral turpitude ("CIMT"), INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), but after Ganzhi filed a motion to terminate his removal proceedings, in which he argued that he had not procured his admission by fraud and that sexual misconduct did not constitute a CIMT, DHS once again added an aggravated felony charge, this time contending that Ganzhi's conviction for sexual misconduct constituted the aggravated felony of "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A).

Ganzhi filed a supplemental memorandum on June 9, 2005, arguing that his sexual misconduct conviction did not constitute sexual abuse of a minor. In a written decision issued on July 27, 2005, the IJ found Gaznhi removable as charged. The BIA vacated that ruling, however, and remanded the proceedings because of the IJ's failure to provide Ganzhi with an individual hearing on the matter.

On September 24, 2007, DHS withdrew without prejudice the removal charges based on fraud and conviction for a CIMT, and the IJ held a hearing on the remaining issue, Ganzhi's removability on the basis of having been convicted of the sexual abuse of a minor. The IJ issued a written decision on October 24, 2007, in which he found that Ganzhi's sexual misconduct conviction constituted sexual abuse of a minor, and ordered him removed to Ecuador on that basis.

The IJ first noted that "[i]n determining whether an alien's conviction was for an offense that renders him . . . removable under the federal immigration laws, the BIA and [Second Circuit] have employed a 'categorical approach.'" IJ Dec. & Order at 4 (quoting *Dulal-Whiteway v. U.S. Dep't of Homeland Sec.*, 501 F.3d 116, 121 (2d Cir. 2007), *abrogated on other grounds by Nijhawan v. Holder*, 129 S. Ct. 2294 (2009)). Under that approach, a court "look[s] to the elements and the

4

nature of an alien's offense of conviction, rather than to the particular facts relating to the petitioner's crime." *Id.* (quoting *Dulal-Whiteway*, 501 F.3d at 121). The IJ also observed, however, that where the statute of conviction "encompasses diverse classes of criminal acts – some of which would categorically be grounds for removal and others which would not – the statute can be considered 'divisible,' permitting reference to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal." *Id.* While NYPL § 130.20(1), pursuant to which Ganzhi had been convicted, contains no reference to the age of the victim, specifying only that a person is guilty when "[h]e or she engages in sexual intercourse with another person without such person's consent," the IJ observed that another section of the penal law defines "lack of consent" for the purposes of Article 130, and indicates that the element of lack of consent can be established by, *inter alia*, the victim's incapacity to consent. *See id.* § 130.05(1)-(2). Incapacity to consent, in turn, can be established pursuant to any one of eight statutory subsections, one of which looks to the age of the victim, and establishes that a person is incapable of consent if under the age of seventeen. *See id.* § 130.05(3). "[S]ince some actions under this statute would be considered removable, while others may not be," the IJ concluded that section 130.20(1) is divisible, and that it was appropriate to examine Ganzhi's record of conviction. IJ Dec. & Order at 5.

Although the IJ thus indicated how he reached his conclusion regarding divisibility, it is less clear how he determined that Ganzhi actually had been convicted under a statutory provision that rendered him removable. After finding the statute divisible, the IJ simply reiterated that one of the statutory provisions makes "a person . . . incapable of consent when he or she is less than seventeen

5

years old." *Id.* (quoting NYPL § 130.05(3)). The IJ then stated "if the victim is found to be so, it is a removable offense." *Id.* Earlier in his decision, the IJ had noted that at the time of the incident giving rise to Ganzhi's conviction, Ganzhi's victim had been fifteen years old, and that Ganzhi had "conceded to this conviction," but the IJ never explained how he concluded that Ganzhi had been convicted under the specific statutory provision that made the victim's age relevant.

Ganzhi appealed the IJ's decision to the BIA. In an order dated May 5, 2009 the Board, agreeing with the IJ's reasoning, determined Ganzhi's statute of conviction to be divisible, and therefore concluded that it was appropriate to look to the record of conviction to determine the branch of the statute under which Ganzhi had been convicted. In discussing the IJ's use of the record of conviction, the Board stated:

> [T]he Immigration Judge applied the modified categorical approach, looked to the respondent's record of conviction, and determined that based upon the age of the victim stated in the Information/Complaint, that the respondent had been convicted of sexual abuse of a minor. The criminal information to which the respondent pled specifically alleged, in part, that: "Lack of consent was due to the fact that victim is deemed incapable of consent because she is less than 17 years of age."

BIA Dec. at 2. On this basis, the Board found that Ganzhi had indeed been convicted of the aggravated felony of sexual abuse of a minor and dismissed his appeal. Ganzhi timely petitioned this Court for review.

**DISCUSSION**

An alien who has been convicted of an "aggravated felony" at any time after he has been admitted to the United States is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii); *see also Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 165 (2d Cir. 2006). "As a rule, federal courts lack jurisdiction to review final agency orders of removal based on an alien's conviction for

6

certain crimes, including aggravated felonies." *Vargas-Sarmiento*, 448 F.3d at 164 *(*citing 8 U.S.C. § 1252(a)(2)(C)). Courts of appeals retain jurisdiction, however, to review an order of removal insofar as the petition for review of such an order raises "constitutional claims or questions of law," *id.* (citing 8 U.S.C. § 1252(a)(2)(D)), including the question whether a petitioner's conviction constitutes a removable offense under the INA, *see, e.g.*, *Lanferman v. BIA*, 576 F.3d 84, 87-88 (2d Cir. 2009). Where, as in this case, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We review the IJ's and BIA's determinations of law *de novo*, *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008), according *Chevron* deference to the BIA's construction of the INA, but not to its interpretation of state or federal criminal laws, *Vargas-Sarmiento*, 448 F.3d at 165.

The INA defines "aggravated felony" to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). "[T]he language of the statute yields no clear evidence . . . of congressional intent as to the scope of th[at] phrase . . . so the BIA has invoke[d] . . . as a guide the broad definition of sexual abuse of a minor in 18 U.S.C. § 3509(a)." *James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008) (citing *Mugalli v. Ashcroft*, 258 F.3d 52, 56 (2d Cir. 2001); *In re Rodriguez-Rodriguez*, 22 I&N Dec. 991, 995-96 (B.I.A. 1999)) (internal citation and quotation marks omitted). Under section 3509:

> "[T]he term 'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children"; "sexually explicit conduct" is also defined broadly, to include "actual or simulated . . . sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital, anal-genital,

7

or oral-anal contact, whether between persons of the same or of opposite sex."

*James*, 522 F.3d at 254 (quoting 18 U.S.C. §§ 3509(a)(8), (9)). Meanwhile, the term "child," as used in section 3509, includes persons under the age of eighteen who are victims of sexual abuse. 18 U.S.C. § 3509(a)(2). This Court has found the BIA's adoption of § 3509(a) as the operative definition of sexual abuse of a minor to be reasonable, and has accorded it *Chevron* deference. *James*, 522 F.3d at 254.

In challenging the BIA's order in this case, Ganzhi's principal contention is that the BIA and IJ erred in finding that the New York state crime of which he was convicted, "sexual misconduct" under NYPL § 130.20(1), qualifies as sexual abuse of a minor. Section 130.20(1) provides that a person is guilty of sexual misconduct when "[h]e or she engages in sexual intercourse with another person without such person's consent." Ganzhi correctly observes that because a conviction for sexual misconduct under the statute does not require that the victim be under the age of eighteen, his conviction cannot qualify as "sexual abuse of a minor" under the categorical approach employed by this Court, pursuant to which "the singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *James*, 522 F.3d at 254 (quoting *Dalton v. Ashcroft*, 257 F.3d 200, 204 (2d Cir. 2001)).

As already alluded to, however, under this Court's "modified categorical approach," when "a criminal statute encompasses diverse classes of criminal acts – some of which would categorically be grounds for removal and others of which would not – we have held that such statutes can be considered 'divisible.'" *Dickson v. Ashcroft*, 346 F.3d 44, 48 (2d Cir. 2003). In considering

convictions under such statutes, an IJ may "refer[] to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal." *Id.* at 48-49. "The record of conviction includes, *inter alia*, the charging document, a plea agreement, a verdict or judgment of conviction, a record of the sentence, or a plea colloquy transcript." *Wala*, 511 F.3d at 108 (internal quotation marks omitted).

Although this Court has yet to determine the full range of circumstances in which application of the modified categorical approach is appropriate, *see James*, 522 F.3d at 255, we have "explicitly found statutes divisible . . . where the removable and non-removable offenses . . . are listed in different subsections or comprise discrete elements of a disjunctive list of proscribed conduct," *Dulal-Whiteway*, 501 F.3d at 126. *Dickson* presented the question whether the petitioner had been convicted of a "crime of violence," defined as "an offense that has as an element the use, attempted use, or threatened use of physical force" or "by its nature, involves a substantial risk that physical force . . . may be used." 346 F.3d at 47 (quoting 18 U.S.C. § 16). We found the petitioner's conviction for unlawful imprisonment under NYPL § 135.10 to involve a divisible statute because a separate definitional provision, NYPL § 135.00(1), indicated that "restraint" – an element of the crime described in section 135.10 – could be accomplished by either "(a) physical force, intimidation, or deception," which necessarily carried with it a substantial risk of physical force, or "(b) by any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person," which did not carry such risk. *See Dickson*, 346 F.3d at 48-52. Accordingly, we held that the BIA properly adopted the modified categorical approach, and was permitted to examine the petitioner's record of conviction in order to determine whether the

petitioner had been convicted pursuant to section 135.00(1)(a) or (b).

Given this precedent, we have no difficulty in concluding that in the instant case the BIA and IJ correctly considered NYPL 130.20(1) to be divisible. As Ganzhi acknowledges, section 130.05 states that, "it is an element of every offense defined in [Article 130] that the sexual act was committed without consent of the victim," *id.* § 130.05(1), and further provides that "[l]ack of consent" for the purposes of Article 130 crimes "results from: [*inter alia*] (a) [f]orcible compulsion; or (b) *[i]ncapacity to consent*," *id.*§ 130.05(2) (emphasis added). "A person is deemed incapable of consent when he or she is," *inter alia*, "(a) *less than seventeen years old*; or (b) mentally disabled; or (c) mentally incapacitated; or (d) physically helpless." *id.* § 130.05(3) (emphasis added). Thus, as in *Dickson* – where a definitional section applicable to the statute of conviction similarly rendered the statute divisible – it was appropriate for the BIA and IJ in this case to look to Ganzhi's record of conviction for the limited purpose of determining whether Ganzhi's conviction fell within a statutory category that would justify removal.

Ganzhi's contention that the BIA and IJ improperly considered information not included in his record of conviction is without merit. Although the IJ did not specify what part of the record he relied upon to conclude that Ganzhi was convicted under a statutory provision that turned on the victim's age, the BIA – whose modification of the IJ's decision on this point is the subject of our review – referred expressly to the criminal information under which Ganzhi pled guilty, which is definitively a part of the record of conviction. *See* INA § 240(c)(3)(B), 8 U.S.C. § 1229a(c)(3)(B); 8 C.F.R. § 1003.41(a); *see also Wala*, 511 F.3d at 108. That criminal information makes clear that Ganzhi was convicted pursuant to a statutory provision which required his victim to be incapable

10

of consent because she was "less than seventeen years old," NYPL § 130.05(3)(a). Ganzhi's plea of guilty to the crime of sexual misconduct therefore necessarily entailed an admission that he had: (1) engaged in sexual intercourse; (2) with a person less than seventeen years of age. Because the aggravated felony of sexual abuse of a minor requires only that a person: (1) engage in any one of a number of proscribed sexual acts, specifically including sexual intercourse; (2) with a person under the age of eighteen, *see* 18 U.S.C. § 3509(a), Ganzhi's conviction for sexual misconduct was categorically one for sexual abuse of a minor, and Ganzhi is removable as an alien having been convicted of the latter aggravated felony.

## CONCLUSION

For the foregoing reasons, the petition for review is DENIED.