12-592-cr
United States v. Funez-Pineda

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                    No. 12-592-cr

OSCAR ENRIQUE FUNEZ-PINEDA,
*Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     BARCLAY T. JOHNSON, *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, Vermont.

APPEARING FOR APPELLEE:     WENDY L. FULLER, (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 8, 2012, is AFFIRMED.

Defendant Oscar Enrique Funez-Pineda stands convicted on a guilty plea of illegal reentry after deportation following conviction for an aggravated felony. See 8 U.S.C. § 1326(a). Pursuant to reservation, he appeals the district court's refusal to dismiss his indictment, arguing that his prior Colorado conviction for sexual assault on a child, see Colo. Rev. Stat. Ann. § 18-3-405.3(1), does not categorically qualify as an aggravated felony for purposes of removal. We review the denial of a motion to dismiss the indictment de novo. See United States v. Fernandez-Antonia, 278 F.3d 150, 156 (2d Cir. 2002). In conducting that review here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Title 8 U.S.C. § 1326(d) prohibits collateral attack on a removal order except where the defendant demonstrates that (1) he exhausted administrative remedies, (2) he was denied the opportunity for judicial review, and (3) the removal order was fundamentally unfair. See United States v. Calderon, 391 F.3d 370, 374 (2d Cir. 2004). The government agrees that only the third requirement is at issue on this appeal. To satisfy that requirement, the defendant must show "both a fundamental procedural error and prejudice resulting from that error." United States v. Cerna, 603 F.3d 32, 40–41 (2d Cir. 2010); see United States v.

2

Fernandez-Antonia, 278 F.3d at 159 (stating that prejudice requires showing that "absent the procedural errors," alien "would not have been removed").

Funez-Pineda argues that the Colorado statute under which he stands convicted, Colo. Rev. Stat. Ann. § 18-3-405.3(1), does not categorically qualify as an aggravated felony for purposes of removal. See 8 U.S.C. § 1227(a)(2)(A)(iii) (providing for removal of alien convicted of an aggravated felony); id. § 1101(a)(43)(A), (U) (identifying sexual abuse of a minor as aggravated felony). In assessing this claim, we look to the definition of sexual abuse in 18 U.S.C. § 3509(a), see Mugalli v. Ashcroft, 258 F.3d 52, 58, 60 (2d Cir. 2001), and ask whether "every set of facts" violating the Colorado statute satisfies § 3509(a)'s definition of sexual abuse of a minor, Oouch v. U.S. Dep't of Homeland Sec., 633 F.3d 119, 121–22 (2d Cir. 2011).[1]

The Colorado statute states that a person "in a position of trust" with respect to "a child less than eighteen years of age" who "knowingly subjects" that child "to any sexual contact commits sexual assault on a child." Colo. Rev. Stat. Ann. § 18-3-405.3(1). Colorado defines sexual contact to mean "the knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim." Id. § 18-3-401(4). Such conduct clearly falls within the relevant federal definition of sexual abuse of a minor. See 18 U.S.C. §

---

[1] Insofar as Funez-Pineda challenges this court's decision to defer to the Department of Homeland Security's reliance on 18 U.S.C. § 3509(a) to identify crimes constituting sexual abuse of a minor, this panel is bound by our Mugalli/Oouch precedent approving such deference until reversed by the Supreme Court or this court en banc. See Jones v. Coughlin, 45 F.3d 677, 679 (2d Cir. 1995).

3509(a)(8) (defining sexual abuse to include "employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct"); see also id. § 3509(a)(9)(A) (defining sexually explicit conduct to include "intentional touching, either directly or through clothing, of the genitalia" with "intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person").

In urging otherwise, Funez-Pineda contends that the Colorado statute reaches more broadly than federal law to criminalize consensual conduct between teenagers of the same age.[2]  In fact, nothing in 18 U.S.C. § 3509(a) requires an age differential between perpetrator and victim to demonstrate sexual abuse of a minor.  See Ganzhi v. Holder, 624 F.3d 23, 30 (2d Cir. 2010) (holding that "aggravated felony of sexual abuse of a minor requires only that a person: (1) engage in any one of a number of proscribed sexual acts, specifically including sexual intercourse; (2) with a person under the age of eighteen" (emphasis added)); Oouch v. U.S. Dep't of Homeland Sec., 633 F.3d at 126 (holding that N.Y. Penal Law § 263.05, which does not require age differential, constitutes "sexual abuse of a minor" and, therefore, aggravated felony for purposes of removability).  Nor is there any discernable difference between the way the relevant federal and Colorado statutes treat abusive actors—for whom age is not defined—and the way they treat victims of abuse.  See United States v. Austin, 426

_____

[2] Because Funez-Pineda was 21 and his victim 13 at the time of the Colorado crime of conviction, this hypothetical concern plainly did not arise in his case.  On a categorical review, however, we look to the "minimum criminal conduct necessary to sustain a conviction under a given statute" and not to the particular facts of defendant's case.  James v. Mukasey, 522 F.3d 250, 254 (2d Cir. 2008).

F.3d 1266, 1274 (10th Cir. 2005) (noting that "Colorado has determined eighteen to be the age of consent"); Colorado v. Leske, 957 P.2d 1030, 1039 (Colo. 1998) (recognizing that "person under the age of eighteen is a child"); 18 U.S.C. § 3509(a)(2) (defining "child" as "person who is under the age of 18").

Further, Funez-Pineda's argument that the Colorado statute can apply to purely consensual conduct while the federal statute cannot is meritless. The federal statute, by including "persuasion, inducement, [and] enticement" within its prescription, plainly reaches means by which a person may appear to secure a child's "consent" to sexual relations. Indeed, this reach may be broader rather than narrower than that of the Colorado statute, which applies only to a person in a position of trust relative to the child whom the trustee subjects to sexual conduct. See generally Pellman v. Colorado, 252 P.3d 1122 (Colo. 2011) (recognizing that position of trust affords opportunity to manipulate child to submit to sexual conduct). In any event, neither statute can reasonably be construed to exempt a child's purportedly consensual sexual contact with a person exercising a position of trust over the child.

Accordingly, like the district court, we conclude that there was nothing fundamentally unfair in Funez-Pineda's removal so as to warrant dismissal of his indictment for illegal reentry.

We have considered all of Funez-Pineda's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court