Duran v. Holder

BIA
Page, IJ
A045 865 565

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand thirteen.

PRESENT:
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
    *Circuit Judges*.

_____

ANLET JOSE PAULINO DURAN,
    *Petitioner*,

                v.                                          12-825

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

For Petitioner:          Andrew L. Friedman, New York, NY

For Respondent:          C. Frederick Sheffield, Trial Attorney, Office of
                         Immigration Litigation (Stuart F. Delery, Acting Assistant
                         Attorney General; Erica B. Miles, Senior Litigation
                         Counsel, *on the brief*), United States Department of
                         Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED.

Anlet Jose Paulino Duran, a native and citizen of the Dominican Republic, seeks review of a February 8, 2012 order of the BIA reversing the August 18, 2011 decision of Immigration Judge Alan Page and finding him removable and ineligible for cancellation of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

In order to qualify for cancellation of removal, in addition to having been a lawful permanent resident for not less than five years, and having resided in the United States continuously for seven years after having been admitted in any status, an applicant must not have been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). While there is no dispute that Duran had the necessary residency qualifications, the BIA found that Duran's conviction for violation of New York Penal Law ("NYPL") § 220.39 constituted an aggravated felony, and thus he was statutorily ineligible for cancellation of removal. On appeal, Duran argues that the BIA erred in making this finding.

Under the circumstances of this case, we review only the BIA's decision. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "As a rule, federal courts lack jurisdiction to review final agency orders of removal based on an alien's conviction for certain crimes, including aggravated felonies." *Ganzhi v. Holder*, 624 F.3d 23, 28 (2d Cir. 2010) (internal quotation marks omitted). "We retain jurisdiction, however, to review the legal question of whether a conviction underlying an order of removal, or the denial of relief from an order of removal, constitutes an aggravated felony." *Higgins v. Holder*, 677 F.3d 97, 100 (2d Cir. 2012) (per curiam).

An aggravated felony is defined to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in [the federal Controlled Substances Act])." 8 U.S.C. § 1101(a)(43)(B). A "state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006). In deciding whether a state offense constitutes an aggravated felony, "we have adopted a categorical approach that looks to the elements of the offense as defined by statute, rather than to the particular facts of the alien's criminal activity." *Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009) (internal quotation marks omitted). "In some instances, however, a statute may be subject to what we have termed the 'modified categorical approach,' which allows for limited review of the record." *Id.* "The modified categorical approach calls for a two-step inquiry: first, we determine if the statute is divisible, such that some categories of proscribed conduct render an alien removable and some do not; second, we consult the record of conviction to ascertain the category of conduct of which the alien was convicted." *Id.* at 88-89 (internal quotation marks omitted).

Duran argues that under the modified categorical approach, the record of conviction did not sufficiently show that the conduct for which he was convicted constitutes an aggravated felony. His argument, however, is foreclosed by our decision in *Pascual v. Holder*, where we held that a conviction for violation of NYPL § 220.39 *categorically* constitutes an aggravated felony. 707 F.3d 403, 405 (2d Cir. 2013), *aff'd on reh'g* 2013 WL 3388382 (July 9, 2013). As

2

a result of *Pascual*, there is no question that Duran's conviction constitutes an aggravated felony, and thus he is statutorily ineligible for cancellation of removal.

We have considered all of Duran's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3