11-4342-ag
*Sampathkumar v. Holder*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

PADMASHRI SAMPATHKUMAR,

> *Petitioner,*

> v.                                                                 No. 11-4342-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent.*

---

**FOR PETITIONER:**          THOMAS E. MOSELEY, Law Offices of
                             Thomas E. Moseley, Newark, NJ.


**FOR RESPONDENT:**          RACHEL L. BROWNING (Stuart Delery,
                             Assistant Attorney General, Blair O'Connor,
                             Assistant Director, *on the brief*), Trial Attorney,
                             Office of Immigration Litigation, Civil
                             Division, United States Department of Justice,
                             Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **GRANTED** in part.

Padmashri Sampathkumar, a native and citizen of India, seeks review of a July 22, 2013 decision of the BIA, supplementing its October 17, 2011 decision and affirming the May 12, 2011 decision of an Immigration Judge ("IJ"), which denied her motion to terminate proceedings and applications for adjustment of status and a waiver of inadmissibility. *In re Padmashri Sampathkumar*, No. A073 622 263 (B.I.A. July 22, 2013), *aff'g* No. A073 622 263 (Immig. Ct. Hartford May 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## DISCUSSION

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA's decisions. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

## I. Aggravated Felony Finding

We generally lack jurisdiction to review the final order of removal of an alien who, like Sampathkumar, was found removable by reason of having been convicted of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). However, we may review Sampathkumar's challenges to the classification of her conviction under 18 U.S.C. § 1014 as an aggravated felony in order to determine our jurisdiction. *See id.* § 1252(a)(2)(D); *James v. Mukasey*, 522 F.3d 250, 253 (2d Cir. 2008).

### A. "Involves Fraud or Deceit"

Under § 101(a)(43)(M)(i) of the Immigration and Nationality Act, the term "aggravated felony" is defined to include an "offense that *involves fraud or deceit*." 8 U.S.C. § 1101(a)(43)(M)(i) (emphasis supplied). To determine whether 18 U.S.C. § 1014 is such an offense, we apply the so-called "categorical approach," looking solely to the criminal statute and focusing on the minimum conduct for which there is a "realistic probability" that a conviction will result. *See Kawashima v. Holder*, 132 S. Ct. 1166, 1172 (2012) (applying categorical approach in analyzing subsection (M)(i)); *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (applying "realistic probability" test). The elements need not explicitly include the words fraud or deceit, but must "necessarily entail fraudulent or deceitful conduct." *Kawashima*, 132 S. Ct. at 1172. At the time subsection (M)(i) was enacted, "deceit" was defined as "the act or practice of deceiving (as by falsification, concealment, or cheating)." Webster's Third New International Dictionary 584 (1993).

2

After review, we conclude that § 1014,[1] under which Sampathkumar was convicted, involved deceit. Sampathkumar relies heavily on *Kawashima*, which held that the statute at issue there, 26 U.S.C. § 7206, contained the elements that "necessarily entail[ed]" deceitful conduct: a falsity, that was material, and knowingly and willfully made. *Kawashima*, 132 S. Ct. at 1172-73. Nearly all of these elements are satisfied here: to sustain a conviction for violating § 1014, the government must demonstrate that a defendant acted with the knowledge that the information was false and with the purpose of influencing the action of the institution. To be sure, materiality is not an element of the offense punished by § 1014. *United States v. Wells*, 519 U.S. 482, 484 (1997). But the specific intent required by the statute—that is, the intent to influence the bank—approaches a materiality requirement. As the Supreme Court explained in *Wells*:

> [A] statement made "for the purpose of influencing" a bank will not usually be about something a banker would regard as trivial, and it will be relatively rare that the Government will be able to prove that a false statement was made with the subjective intent of influencing a decision unless it could first prove that the statement has the natural tendency to influence the decision. Hence the literal reading of the statute will not normally take the scope of § 1014 beyond the limit that a materiality requirement would impose.

*Id.* at 499 (alteration, citation, and internal quotation marks omitted). In other words, there is not a "realistic probability" that a false statement sufficient for conviction under § 1014 would be trivial, notwithstanding the lack of a materiality requirement. With regard to any elements mentioned in *Kawashima* still lacking here, the Supreme Court did not hold that all those elements must be present for subsection (M)(i) to apply. Accordingly, we conclude that § 1014 states an offense that involves deceit.

## B. Loss Amount

Sampathkumar also challenges the BIA's finding that the loss resulting from her crime exceeded $10,000. Although Sampathkumar did not first raise this issue before the BIA, we deem her arguments reviewable inasmuch as the challenged findings were made by the BIA, not by the IJ, and ordinarily any challenge to the BIA's findings or analysis can appropriately be raised for the first

---

[1] This statute provides, in pertinent part:

> Whoever knowingly makes any false statement or report, or willfully overvalues any land, property, or security, for the purpose of influencing in any way the action of . . . any institution the accounts of which are insured by the Federal Deposit Insurance Corporation . . . upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, or insurance agreement . . . shall be fined not more than $1,000,000 or imprisoned not more than [thirty] years, or both.

18 U.S.C. § 1014.

time in a petition for review. *See, e.g., Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006) (holding that if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed); *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993) ("[T]he BIA addressed the [purportedly unexhausted] issue in that appeal, apparently excusing Waldron's failure to raise the issue previously.").

In place of the categorical approach, the Supreme Court has prescribed a "circumstance-specific" approach to ascertain whether subsection (M)(i)'s monetary threshold has been met. *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009). An IJ may therefore consult a plea colloquy and findings at sentencing to determine the loss amount. *Id.* at 40-43 (upholding agency's reliance on sentencing materials including alien's stipulation).

However, because a loss amount is not a statutory element satisfied by a guilty plea to the statute, *see id.*, it is a factual finding that must first be made by the IJ. We therefore conclude that the BIA engaged in impermissible fact finding by finding, in the first instance, that the loss requirement had been met. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (limiting the BIA's fact finding to taking administrative notice of commonly known facts); *Padmore v. Holder*, 609 F.3d 62, 68 (2d Cir. 2010). That error was not harmless because the IJ never revisited that finding on remand. Remand is therefore appropriate so that the IJ may make the necessary factual findings to determine removability.[2]

## II. Eligibility for Adjustment of Status

Even if Sampathkumar was convicted of an aggravated felony, she may still be eligible for adjustment of status. An inadmissible alien is ineligible for adjustment of status. *See* 8 U.S.C. § 1255(a). An aggravated felony, by itself, is not grounds for inadmissibility and therefore does not bar adjustment, unless the aggravated felony constitutes a crime involving moral turpitude

---

[2] For the purposes of remand, it bears noting that the BIA erroneously relied on the loss amount stipulated by the parties at the plea colloquy. The BIA has instructed IJs to assess loss findings "with an eye to what losses are covered and to the burden of proof employed," and limits reliance on a defendant's admission of loss amount to those losses "arising from the conduct in the particular charges or criminal counts *covered by the conviction*." *In re Babaisakov*, 24 I. & N. Dec. 306, 319-20 (BIA 2007) (emphasis supplied). Other Circuits have agreed that the loss must be tethered to the count of conviction, unless the conviction is for a scheme, rather than one single offense. S*ee Alaka v. Att'y Gen. of the U.S.*, 456 F.3d 88, 106 (3d Cir. 2006); *Knutsen v. Gonzales*, 429 F.3d 733, 736-37 (7th Cir. 2005); *Khalayleh v. INS*, 287 F.3d 978, 980 (10th Cir. 2002); *Chang v. INS*, 307 F.3d 1185, 1190 (9th Cir. 2002), *abrogated on other grounds by Nijhawan v. Holder*, 557 U.S. 29 (2009).

Here, Sampathkumar was convicted of only one count, which charged her with providing documents with false financial information to First Merit Bank. However, in stipulating to the loss amount for sentencing purposes, Sampathkumar included losses to numerous other banks she allegedly defrauded. Because the stipulated amount included losses stemming from conduct outside the scope of the count of conviction, the agency erred in failing to parse or identify with specificity the amount relating to First Merit Bank. *See Knutsen*, 429 F.3d at 736-37.

("CIMT").[3] *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). To remove this bar to adjustment, an applicant must obtain a § 212(h) waiver.

Throughout its numerous decisions, the BIA and the IJ assumed that a waiver was needed without first deciding that § 1014 is a CIMT and therefore requires the waiver. They denied Sampathkumar's adjustment application when they found her ineligible for the waiver without further discussion. We therefore decline to reach the parties' arguments regarding waiver eligibility, and instead remand for the agency to make the threshold determination of whether a waiver is needed.[4]

### III. Citizenship Claim

An applicant for naturalization shall take an oath in a public ceremony before the Attorney General or a court "in order to be and before being admitted to citizenship." 8 U.S.C. § 1448; *see also* 8 C.F.R. § 337.1. In the event that derogatory information concerning an applicant surfaces after her application has been granted, but before she has taken the oath, she may be excluded from the public ceremony and thus prevented from obtaining naturalization. 8 C.F.R. § 335.5. There is no exception to the requirement that the oath be taken in a "public ceremony." *Cf.* 8 U.S.C. § 1448(c) (requiring public oath even in cases of incapacitation). An applicant cannot self-naturalize, such as by reciting the oath of allegiance to himself or by identifying himself as a U.S. citizen on a voter registration document. *See Aljani v. Chertoff*, 545 F.3d 229, 234 (2d Cir. 2008). Nor does signing an oath of allegiance at a naturalization interview satisfy the oath requirement. *See Okafor v. Gonzales*, 456 F.3d 531, 534 (5th Cir. 2006); *Tovar-Alvarez v. U.S. Att'y Gen.*, 427 F.3d 1350, 1352 (11th Cir. 2005); *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 968 n.4 (9th Cir. 2003).

Sampathkumar was scheduled to report for a naturalization oath ceremony on May 12, 2004, but the ceremony subsequently was cancelled by USCIS. Contrary to her argument, the oath previously administered at her naturalization interview in the presence of the examiner and one other person does not bestow citizenship. Sampathkumar testified that she passed her naturalization tests, signed an oath of allegiance, and was congratulated by the immigration officer for becoming a U.S. citizen. But according to Sampathkumar's own testimony, the officer indicated after her interview that he wanted to get her into the oath ceremony, which he then proceeded to schedule.

---

[3] An aggravated felony is grounds for removability under 8 U.S.C. § 1227(a)(2)(A)(iii), but not grounds for inadmissibility under 8 U.S.C. § 1182(a)(2). Although § 1227 incorporates the grounds listed in § 1182, *see* 8 U.S.C. § 1227(a)(1), the reverse is not true. Section 1182 does not contain language incorporating the aggravated felony grounds of § 1227.

[4] If the agency determines that § 1014 is a CIMT, it should address how Sampathkumar's waiver eligibility was affected by the numerous trips she took abroad after she had already adjusted to lawful permanent resident status. That is, the agency should consider whether Sampathkumar's international travels as a lawful permanent resident rendered her "previously . . . admitted to the United States as an alien lawfully admitted for permanent residence." 8 U.S.C. § 1182(h).

Despite Sampathkumar's mistaken belief that that oath ceremony was not required, the Government's cancellation of her ceremony interrupted her naturalization process. She never took the oath of citizenship in a "public ceremony" and consequently never became a U.S. citizen. *See* 8 U.S.C. § 1448; 8 C.F.R. § 335.5.

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED** as it relates to Sampathkumar's citizenship claim, and **GRANTED** in remaining part, insofar as Sampathkumar seeks a remand for a decision on (1) whether the loss resulting from her crime exceeded $10,000, and (2) whether her conviction under 18 U.S.C. § 1014 constitutes a crime involving moral turpitude. The cause is accordingly **REMANDED** to the BIA to permit necessary findings by the IJ consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6