14-607
Husic v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2014

(Argued: November 25, 2014       Decided: January 8, 2015)

Docket No. 14-607

————————

HASIM HUSIC,

*Petitioner*,

—v.—

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*,

————————

B e f o r e:    KATZMANN, *Chief Judge*, WINTER, *Circuit Judge*, and MARRERO,* *District Judge*.

————————

---

      * The Honorable Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

Petition for review of a Board of Immigration Appeals ("BIA") decision ordering the petitioner's removal, denying his request for a waiver of inadmissibility under § 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h), and denying his request for a continuance. We conclude that the petitioner, who was a lawful permanent resident ("LPR") and initially entered the country lawfully without LPR status, is eligible to seek a waiver under § 212(h) because he is unambiguously not "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." We therefore **GRANT** the petition in part, **VACATE** the petitioner's removal order to permit his application for a waiver of inadmissibility under § 212(h), **DISMISS** the remainder of the petition as moot, and **REMAND** for further proceedings consistent with this Opinion.

_____

MICHAEL P. DIRAIMONDO (Marialaina L. Masi, Thomas E. Moseley, Stacy A. Huber, *on the brief*), DiRaimondo & Masi, LLP, Melville, New York, *for Petitioner*.

YEDIDYA COHEN, Trial Attorney, Office of Immigration Litigation; Stuart F. Delery, Assistant Attorney General, Civil Division; Jennifer Williams, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondent*.

(Russell R. Abrutyn, Troy, Michigan, and Mary Kenney, Washington, D.C., *for Amici Curiae* American Immigration Lawyers Association and the American Immigration Council.)

_____

KATZMANN, *Chief Judge*:

Petitioner Hasim Husic, a native of the former Yugoslavia and citizen of Montenegro, seeks review of a February 4, 2014 non-precedential decision of the

2

Board of Immigration Appeals ("BIA") affirming the September 18, 2013 decision of an Immigration Judge ("IJ") (Sagerman, *I.J.*), which ordered Husic's removal, denied his request for a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h), and denied his request for a continuance. *In re Hasim Husic*, No. A073 535 928 (B.I.A. Feb. 4, 2014), *aff'g* No. A073 535 928 (Immig. Ct. Fishkill, N.Y. Sept. 18, 2013).

This case presents an issue of first impression in this Circuit — whether an alien who lawfully entered the country without lawful permanent resident ("LPR") status but later adjusted to LPR status is eligible to seek a waiver of inadmissibility under INA § 212(h). We join seven sister Circuits and find that an alien like Husic is unambiguously not "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." INA § 212(h), 8 U.S.C. § 1182(h). Husic is therefore eligible to seek a waiver under INA § 212(h) if the Attorney General chooses to exercise favorable discretion. Husic concedes, however, that his challenge to the denial of his request for a continuance is moot. Accordingly, we GRANT the petition in part, VACATE Husic's removal order to permit his application for a waiver of inadmissibility

3

under § 212(h), DISMISS the remainder of the petition as moot, and REMAND for further proceedings consistent with this Opinion.

## BACKGROUND

Petitioner is a 65-year-old native of the former Yugoslavia and citizen of Montenegro. He entered the United States as a B-2 visitor on or about July 5, 1994, was subsequently granted political asylum in 1995, and became an LPR on July 28, 1998 based upon an application for adjustment of status. Husic's wife of 39 years is also an LPR. He and his wife are the parents of three children, two LPRs and a U.S. citizen.

On or about August 21, 2012, Husic pleaded guilty to violating New York Penal Law § 265.03, attempted criminal possession of a weapon in the second degree. He was sentenced to three years' incarceration.

Then, on or about February 11, 2013, Husic was served with a Notice to Appear. He was charged with removability pursuant to INA § 237(a)(2)(C) and 237(a)(2)(A)(iii). Removal proceedings commenced before the IJ. Husic eventually admitted to the allegations in the Notice to Appear, admitted the charge of removability based on a firearms offense, and denied the two removal charges

4

based on aggravated felonies. Counsel then informed the IJ of Husic's intention to apply for a waiver under INA § 212(h)(1)(B).

On September 18, 2013, the IJ issued an oral decision. He held that Husic's conviction constituted an aggravated felony under both INA § 101(a)(43)(F) and 101(a)(43)(U). The IJ further held that, although Husic "expressed his desire to apply for adjustment of status under Section 245 of the [INA] with a waiver of inadmissibility under Section 212(h)," Husic was not eligible for such relief because he is an LPR who has been convicted of an aggravated felony and therefore "cannot obtain the necessary waiver under Section 212(h) . . . , as is the prevailing view of the immigration laws here in the Second Circuit." Special App. 4. Finally, the IJ denied Husic's motion for a continuance to pursue a collateral attack of the conviction.

Husic appealed to the BIA, and on February 4, 2014, the BIA dismissed the appeal, largely adopting the IJ's reasoning. The instant petition for review was timely filed on February 26, 2014.[1]

---

[1] On October 20, 2014, we granted permission to the American Immigration Lawyers Association and the American Immigration Council to file a joint brief in support of the petitioner as *amici curiae*.

## DISCUSSION

On appeal, Husic challenges the IJ and BIA's decisions (1) finding that he is ineligible for adjustment of status under INA § 245 because he was convicted of an aggravated felony and is therefore ineligible for a § 212(h) waiver and (2) denying his application for a continuance to pursue post-conviction relief.

We review questions of law *de novo*, but must give appropriate deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council Inc.* ("*Chevron*"), 467 U.S. 837 (1984), to the Board's interpretation of the INA. *Ganzhi v. Holder*, 624 F.3d 23, 28 (2d Cir. 2010) (per curiam).

## I. Husic's Eligibility for a Waiver Under INA § 212(h)

We first consider whether the IJ and BIA erred in finding that Husic is ineligible to seek a waiver of inadmissibility under INA § 212(h).[2] The critical

---

[2] Neither party has challenged this Court's jurisdiction to consider this portion of Husic's petition. Because we have an independent obligation to ascertain our jurisdiction, we have considered the basis for our jurisdiction. Even though we generally lack jurisdiction to review "any judgment regarding the granting of relief under [INA § 212(h)]," 8 U.S.C. § 1252(a)(2)(B)(i), we have "jurisdiction to review nondiscretionary decisions regarding an alien's eligibility for the relief specified in 8 U.S.C. § 1252(a)(2)(B)(i)." *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005).

issue is whether Husic is "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." INA § 212(h), 8 U.S.C. § 1182(h). If he is such an alien, he is statutorily barred from seeking a § 212(h) waiver, but if he is not, he would be able to seek that discretionary relief.

By way of background, Husic requests a discretionary adjustment of status under INA § 245(a). To be eligible for such adjustment, however, he must, *inter alia*, be "admissible to the United States for permanent residence." 8 U.S.C. § 1255(a)(2). To determine Husic's admissibility, we turn to the requirements contained in INA § 212. The parties agree that he is inadmissible under § 212(a)(2), presumably because Husic has been convicted of "a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime."[3] *Id.* § 1182(a)(2)(A)(i)(I). Nevertheless, Husic might be

---

[3] The parties do not raise the question of whether the crime of which Husic was convicted — N.Y. Penal Law § 265.03, attempted criminal possession of a weapon in the second degree — constitutes a crime involving moral turpitude. In a recent decision, this Court remanded to the agency for it to make this threshold determination in the context of another criminal provision. *See Sampathkumar v. Holder*, 573 F. App'x 55, 59 (2d Cir. 2014). But, unlike in *Sampathkumar*, we lack

eligible to seek a waiver of his inadmissibility under § 212(h)(1)(B) because he is the spouse of an LPR and the parent of both a citizen and two LPRs. Section 212(h)(1)(B) provides that the Attorney General may, in his discretion, waive a bar on admissibility based on § 212(a)(2)(A)(i)(I) if removal would "result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien." *Id.* § 1182(h)(1)(B). "[I]n the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence," however, a waiver is barred if "since the date of such admission the alien has been convicted of an aggravated felony." *Id.* § 1182(h).

The INA also defines two sets of terms contained in § 212(h) that are central to this petition. INA § 101(a)(13)(A) provides that "[t]he terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Additionally, INA § 101(a)(20) defines the term "lawfully

---

jurisdiction under 8 U.S.C. § 1252(a)(2)(C) and (D) to consider whether the crime is one that involves moral turpitude. Because there is no dispute that Husic committed an aggravated felony, our review is limited to "constitutional claims or questions of law *raised upon a petition for review*," 8 U.S.C. § 1252(a)(2)(C), (D) (emphasis added), and Husic does not raise this legal question in his petition.

8

admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." *Id.* § 1101(a)(20).

Husic contends that although he was convicted of an aggravated felony, the § 212(h) aggravated-felony bar does not apply to him because he is not "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." He reasons that he was admitted to the United States as a visitor, and not as an LPR, and therefore attained LPR status through adjustment of status, rather than when he was admitted into the country. Seven of our sister Circuits have held that a person in Husic's position is eligible to seek a waiver of inadmissibility based upon the plain language of § 212(h). *See, e.g., Hanif v. Att'y Gen.*, 694 F.3d 479 (3d Cir. 2012); *Bracamontes v. Holder*, 675 F.3d 380 (4th Cir. 2012); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008); *Stanovsek v. Holder*, 768 F.3d 515 (6th Cir. 2014); *Papazoglou v. Holder*, 725 F.3d 790 (7th Cir. 2013); *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363 (11th Cir. 2011). *But see Roberts v. Holder*, 745 F.3d 928 (8th Cir.

2014) (per curiam) (holding that this provision is ambiguous and that the BIA's interpretation is reasonable). Relying on these cases and a textual analysis of the provisions at issue, Husic argues that § 212(h) has been made unavailable only to an alien who was *admitted as* an LPR, rather than one who, like Husic, adjusted to LPR status once already in the United States after lawful entry as a visitor.

In response, the government contends that Husic is barred from seeking a § 212(h) waiver because the BIA reasonably interpreted the ambiguous provision to find that Husic is "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." Under the BIA's interpretation, Husic was "admitted to the United States as an alien lawfully admitted for permanent residence" when he obtained LPR status following the approval of his application for adjustment of status. In support of its view, the government relies on the one Circuit decision adopting its view, *see Roberts*, 745 F.3d 928, as well as intratextual arguments, legislative history, and a purposive invocation to avoid absurd results.

We afford "*Chevron* deference" to the BIA's interpretations of statutes when those interpretations are issued as binding, published decisions. *See Ganzhi*, 624

10

F.3d at 28. While the BIA's decision in this case was a single-member non-precedential decision, we have previously held that "where . . . the challenged unpublished decision relies on a binding published decision, *Chevron* deference will extend to that earlier decision's reasonable resolution of statutory ambiguity." *Mizrahi v. Gonzales*, 492 F.3d 156, 158 (2d Cir. 2007). Because the BIA relied on its earlier precedential decision, *In re Koljenovic*, 25 I. & N. Dec. 219 (B.I.A. 2010), in interpreting § 212(h), we apply *Chevron* deference to the BIA's interpretation.

The *Chevron* inquiry is two-fold. We must first "consider *de novo* whether Congress has clearly spoken to the question at issue." *Mizrahi*, 492 F.3d at 158. If it has, "'that is the end of the matter.'" *Id.* (quoting *Chevron*, 467 U.S. at 842–43). If, however, we find that the statute is silent or ambiguous as to the precise question at issue, "we must defer to any reasonable interpretation of the statute adopted by the BIA as the entity charged by Congress with the statute's enforcement." *Boluk v. Holder*, 642 F.3d 297, 301 (2d Cir. 2011) (internal quotation marks and alterations omitted); *see also Scialabba v. Cuellar de Osorio*, 134 S. Ct. 2191, 2203 (2014) (plurality opinion).

11

The key question on appeal is whether there is such a statutory ambiguity in INA § 212(h), and if so, whether the BIA reasonably resolved that ambiguity in finding that someone like Husic, who was admitted to the United States as a visitor and later adjusted to LPR status, was an "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." 8 U.S.C. § 1182(h).

We begin with the text of the statute. *See, e.g.*, *Mizrahi*, 492 F.3d at 158. Particularly because the definition of the crucial statutory term "admitted" was enacted at the same time as the § 212(h) limitation, *see* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, §§ 301, 348, 110 Stat. 3009, 3009-575, 3009-639, we construe the provisions consistent with each other, *see Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2006) (discussing general presumption that "the same term has the same meaning when it occurs here and there in a single statute," but also noting that the presumption is not "effectively irrebuttable" (internal quotation marks omitted)).

The definitions provided in the INA draw an important distinction between the phrase "lawfully admitted for permanent residence" and the stand-alone term "admitted," and § 212(h) uses both terms. After substituting both definitions into § 212(h), the relevant provision can be understood as follows:

> No waiver shall be granted under this subsection in the case of an alien who has previously been [granted "lawful entry . . . into the United States after inspection and authorization by an immigration officer"] as an alien [with "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed,"] if either since the date of such admission the alien has been convicted of an aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

8 U.S.C. § 1182(h) (quoting *id.* § 1101(a)(13)(A), (a)(20)).  The substitutions make clear that there are two requirements before an alien is found to be ineligible to seek a waiver of inadmissibility: (1) that the alien "has previously been admitted to the United States" and (2) that he or she was admitted with the status of "an alien lawfully admitted for permanent residence."

Applying the statutory definitions, we find that Husic is not "an alien who has previously been admitted to the United States as an alien lawfully admitted

13

for permanent residence." Husic was "admitted" to the United States in 1994 as a B-2 visitor upon his lawful entry after inspection and authorization, but attained the status of being "lawfully admitted for permanent residence" only in 1998 after he adjusted to LPR status without being "admitted" a second time. Husic was therefore never "admitted to the United States *as an alien lawfully admitted for permanent residence*," but rather as only a visitor.

We reach this conclusion for several reasons. First, and contrary to the government's position, Husic was not "admitted" when he became an LPR in 1998 through adjustment of status. The IIRIRA expressly defined "[t]he term[] . . . 'admitted' [to] mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." IIRIRA, Pub. L. No. 104-208, Div. C, § 301, 110 Stat. 3009, 3009-575 (codified at 8 U.S.C. § 1101(a)(13)(A)). An alien is therefore "admitted" upon his or her lawful entry following inspection and authorization. The statutory definition of the term "admitted" thus makes no mention of adjustment of status and in fact specifies that the action that is relevant for admission is "lawful entry." 8 U.S.C. § 1101(a)(13)(A).

14

Because Husic had already lawfully entered the United States in 1994 and was already residing in this country in 1998, there was no "entry" when he adjusted to LPR status. Adjustment is the change of an alien's *status* to "that of an alien lawfully admitted for permanent residence." *Id.* § 1255(a). While adjustment is available to "an alien who *was inspected and admitted* or paroled into the United States or . . . any other alien having an approved petition for classification as a [Violence Against Women Act] self-petitioner," *id.* (emphasis added), adjustment is not an act of admission in itself. When an alien has previously entered lawfully after inspection and authorization, that alien's admission occurred when he or she entered lawfully. Adjustment of status simply reflects a change of that alien's status, and not another admission. *See, e.g.*, *Bracamontes*, 675 F.3d at 386–87. Husic therefore was not "admitted to the United States" when his status was adjusted in 1998.

Second, Husic's proposed interpretation avoids rendering certain portions of § 212(h) meaningless surplusage. *See, e.g.*, *Duncan v. Walker*, 533 U.S. 167, 174 (2001). Interpreting the statute to require only "an alien lawfully admitted for permanent residence" would deprive of meaning the phrase "admitted to the

15

United States as." After all, if the § 212(h) bar applied to any LPR, it would have suffixed to require that the alien be "lawfully admitted for permanent residence," without any restriction as to how the alien was admitted. Similarly, interpreting "admitted" to mean admission both through entry as an immigrant and through adjustment of status would render the term "admitted" surplusage, contrary to the statutorily provided definition. *See Martinez*, 519 F.3d at 546; *Lanier*, 631 F.3d at 1366; *see also Stanovsek*, 768 F.3d at 517 (discussing simpler ways in which Congress might have drafted the statute had it intended that the § 212(h) bar apply more broadly).

The government recognizes the facial strength of Husic's textual arguments. *See Roberts*, 745 F.3d at 933 (holding in favor of the government's position, but acknowledging that "[r]eading § 1182(h) in isolation, one might conclude . . . that the meaning of 'admitted' is clear"). The government instead argues that the structure of the statute as a whole, as well as other specific provisions, creates ambiguities that require us to look beyond the text of § 212(h) and the statutory definitions.

Even though the text of the relevant provision appears unambiguous upon initial review, we consider the government's intratextual arguments because the text of a statute, when taken as a whole, can provide further context for interpreting a specific provision. *See Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). The government contends that the BIA should not be bound to the statutorily prescribed definitions of the relevant terms because the terms "admitted" and "admission" are used inconsistently throughout the INA.

For example, the government points to the statutory language in 8 U.S.C. § 1255(b), which provides that "the Attorney General shall record the alien's lawful admission for permanent residence as of the date the order of the Attorney General approving the application for the adjustment of status is made." *See also Roberts*, 745 F.3d at 933. The government argues that § 1255 demonstrates that "admission" need not coincide with lawful entry, but can instead coincide with approval of an application for adjustment of status. If that is so, the government argues, then the BIA can reasonably interpret § 212(h) as barring aliens who

17

adjusted to LPR status after an initial admission to the United States in a non-LPR status. But the government's position overlooks that the term "admission" in § 1255 is actually part of a textual phrase, "lawful admission for permanent residence," that is virtually identical to the phrase "lawfully admitted for permanent residence," which is defined in 8 U.S.C. § 1101(a)(20). Section 1255 therefore uses the term "admission" quite differently than INA § 212(h) uses the term "admitted" when it appears by itself. As multiple other Circuits have found, § 1255 does not create ambiguity and is instead a "ministerial" provision relating to the *date* of "lawful admission for permanent residence" for visa-counting purposes, not to what "admission" itself means. *Hanif*, 694 F.3d at 485; 8 U.S.C. § 1255(b); *see also Martinez*, 519 F.3d at 546; *Stanovsek*, 768 F.3d at 518–19.

The government also argues that Husic's preferred interpretation of § 1182(h) may exclude people like Husic entirely from obtaining relief in the form of adjustment of status. Specifically, § 212(h) permits the Attorney General to waive the application of various inadmissibility grounds if a "denial of admission" would result in extreme hardship to the alien's close relatives in the United States. 8 U.S.C. § 1182(h)(1)(B). The government asserts that if we adopt

18

Husic's interpretation of "admitted," an LPR seeking adjustment of status would not technically be denied "admission" and therefore would not be able to obtain a § 212(h) waiver at all as part of an adjustment-of-status application. The government's position, whether framed as an invocation to avoid absurd results or as an intratextual inconsistency, is unpersuasive. Section 212(h)(2) makes clear that this waiver applies to those seeking adjustment of status, which means that the "denial of admission" referenced in § 212(h)(1)(B) simply relates to an alien's inadmissibility based on the requirements of the remainder of § 212, and not to the alien's denial of lawful entry after inspection at a port of entry. *See id.* § 1182(h)(2) (requiring the Attorney General's consent "to the alien's applying or reapplying for a visa, for admission to the United States, or *adjustment of status*" (emphasis added)); *see also Negrete-Ramirez*, 741 F.3d at 1056 (Berzon, *J.*, concurring).

After considering the specific statutory provision at issue as well as the statutory scheme as a whole, we conclude that the statute unambiguously permits an individual who lawfully entered as a non-LPR and later adjusted to LPR status to seek a discretionary waiver of inadmissibility pursuant to INA § 212(h).

19

Because the statutory text is unambiguous, we need not consider the government's arguments based on legislative history or purportedly absurd results. *See, e.g.*, *Mizrahi*, 492 F.3d at 158.

We further observe that even if we were to consider the government's arguments regarding legislative history and absurd results, those arguments are not winning ones. The legislative history as to this specific provision is quite sparse and provides tenuous support for both sides' positions. For example, the government's highly generalized invocations of legislative purpose are based on scraps of legislative history that have been rejected by other Circuits. *See, e.g.*, H.R. Rep. No. 104-469, pt. I, at 225–26 (1996); *see also, e.g.*, *Hanif*, 694 F.3d at 485–86. Equally unpersuasive are Husic's attempts to rely on post-enactment legislative inaction on proposed amendments to the immigration laws following IIRIRA's passage. *See* H.R. 2413, 105th Cong., § 4 (introduced on Sept. 5, 1997). The *amici*'s discussion of the legislative history of IIRIRA is somewhat more reliable and lends only modest support to Husic's position. *Compare* Immigration in the National Interest Act of 1996, H.R. 2202, 104th Cong., § 301(h) (as passed by House, Mar. 21, 1996) (indicating that it amends INA § 212(h) to apply the

aggravated-felony bar to any "immigrant who previously has been admitted to the United States"), *with* IIRIRA, Pub. L. No. 104-208, Div. C, § 348, 110 Stat. 3009, 3009-639 (1996) (adopting current version of § 212(h) aggravated-felony bar); *see also* H.R. Rep. No. 104-828, at 228 (1996) (Conf. Rep.) (explaining that the final version of the amendments to INA § 212(h) in IIRIRA were based on modifications to § 301(h) of H.R. 2202).

Additionally, while it is true that Husic has not identified a specific congressional motivation for barring only LPRs who lawfully entered as LPRs from obtaining a discretionary § 212(h) waiver, it is not our job to speculate, particularly in light of the unambiguous text and the absence of meaningful legislative history, as to why Congress might have drafted this statutory provision in the way that it did. We are also not persuaded that it is an absurd result for Congress to have exempted from the § 212(h) aggravated-felony bar those who became LPRs through adjustment. The government argues that such an exemption of aliens who became LPRs through adjustment is absurd because a large portion of LPRs attain their status through adjustment. But the prevalence of adjustment as an avenue for LPR status could just as readily show that Congress

21

was at least aware of this pathway to LPR status when it enacted this provision in the way that it did. The prevalence of adjustment therefore does not lend definitive support to either party's position.

Having found that the § 212(h) aggravated-felony bar does not apply to aliens in Husic's position, we must determine the precise scope of our decision. At oral argument, the government asserted that we must decide the full scope of the § 212(h) bar in this case. The government argues that if we rule in Husic's favor, we would also need to exempt other LPRs, including those who initially entered without inspection, from the § 212(h) aggravated-felony bar. According to the government, the exemption of other types of LPRs from the § 212(h) bar would produce inconsistent or absurd results in light of other provisions of the INA.

But we need not delineate the full scope of the § 212(h) bar in this case. We follow the lead of at least three other Circuits and decline to reach the broader question of the full scope of § 212(h) waiver because such a decision is not necessary to address the matter at hand. *See Bracamontes*, 675 F.3d at 388; *Stanovsek*, 768 F.3d at 518; *Negrete-Ramirez*, 741 F.3d at 1051–53 (majority opinion).

22

Instead, we hold only that "Congress has clearly spoken to the question at issue" in this case — whether an alien who, like Husic, entered the country lawfully as a non-LPR and later adjusted to LPR status without making an additional entry is barred from seeking a discretionary waiver under § 212(h). *Mizrahi*, 492 F.3d at 158. We conclude that Husic is unambiguously not "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence" and is therefore not barred from seeking a § 212(h) waiver. Accordingly, we grant Husic's petition in part, vacate the petitioner's removal order to permit his application for a waiver of inadmissibility under § 212(h), and remand for further proceedings consistent with this Opinion. As in all issues of statutory interpretation, our charge is to faithfully construe Congress's words. In the matter at hand, Congress, of course, is in a position to speak further should it wish to do so.

## II.   Husic's Entitlement to a Continuance to Pursue Post-Conviction Relief

Husic also petitioned for this Court's review of the IJ and BIA's decisions to deny his request for a continuance to pursue post-conviction remedies. At oral argument, however, Husic's counsel conceded that this challenge was moot

because of the amount of time that had passed since the original request for a continuance. We agree and therefore dismiss this portion of Husic's petition because the issues presented are moot.

## CONCLUSION

For the foregoing reasons, we GRANT the petition in part, VACATE Husic's removal order to permit his application for a waiver of inadmissibility under § 212(h), DISMISS the remainder of the petition as moot, and REMAND for further proceedings consistent with this Opinion. Each party shall bear its own costs on this petition.