*Fleury v. Lynch*

BIA
A025 454 603

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
       REENA RAGGI,
       DEBRA ANN LIVINGSTON,
       DENNY CHIN,
          *Circuit Judges.*

_____

RINALDO SERGE FLEURY,
     *Petitioner,*

     v.                     **14-80**

                               **NAC**

LORETTA E. LYNCH,[*] UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:** Elyssa N. Williams, Formica Williams P.C., New Haven, Connecticut.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rinaldo Serge Fleury, a native and citizen of Haiti, seeks review of a December 19, 2013, decision of the BIA denying his motion to reconsider. *In re Rinaldo Serge Fleury,* No. A025 454 603 (B.I.A. Dec. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to constitutional claims and questions of law challenging the BIA's December 2013 decision denying Fleury's motion to reconsider. 8 U.S.C. § 1252(a)(2)(C), (D); *cf. Ke Zhen Zhao v. U.S. Dep't of*

2

*Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). Fleury raises two questions of law. First, Fleury argues that the BIA erred as a matter of law when it held that *any lawful permanent resident* ("LPR") convicted of an aggravated felony after obtaining that status is barred from seeking a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h). Fleury is correct. Our recent opinion in *Husic v. Holder*, 776 F.3d 59 (2d Cir. 2015), holds that an alien with an aggravated felony conviction is eligible to seek a waiver of inadmissibility under INA § 212(h) if the alien was admitted to the United States in some *non-LPR status* and later adjusted to LPR status before being convicted of an aggravated felony. *Husic*, 776 F.3d at 66.

However, *Husic* is irrelevant because Fleury's second argument fails. Fleury's controlled substance conviction may not be waived under § 212(h). One of the grounds of inadmissibility applicable to Fleury—an offense related to a controlled substance, 8 U.S.C. § 1182(a)(2)(A)(i)(II)—may be waived only if it is "a single offense of simple

3

possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). However, in January 2009 Fleury was convicted of possession of narcotics under Connecticut General Statutes § 21a-279(a), in addition to possession of marijuana. Fleury's conviction for possession of narcotics does not fall under the exception for possession of 30 grams or less of marijuana.

Fleury, relying on *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), argues that his narcotics conviction is not categorically a controlled substance offense. As the Government argues, Fleury did not exhaust this argument because he failed to raise it before the BIA in his motion to reconsider, and the denial of reconsideration is the only ruling properly before this Court. *Ke Zhen Zhao*, 265 F.3d at 89-90. Accordingly, we decline to reach the issue, as exhaustion is a prerequisite to our review. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk