Joshue v. Barr

BIA
Straus, IJ
A023 310 562

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

JENNIFA JOSHUE, AKA JENNIFER JOSHUA,
>  *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

18-58
NAC

_____

FOR PETITIONER:         Paul B. Grotas, Esq., New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney General; Stephen J. Flynn, Assistant Director; James A. Hurley, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jennifa Joshue, a native and citizen of St. Lucia, seeks review of a January 4, 2018, decision of the BIA denying her second motion to reopen. *In re Jennifa Joshue,* No. A 023 310 562 (B.I.A. Jan. 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Joshue has been convicted of an aggravated felony, our review is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. 1252(a)(2)(C), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–41 (2d Cir. 2008). Although Joshue's arguments implicate constitutional issues and questions of law, none of her challenges to the time and number limitation on her motion have merit. And we lack jurisdiction to review the BIA's decision not to reopen sua sponte.

An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Joshue's 2017 motion was her second motion to reopen and was untimely filed 15 years after her removal order. None of the statutory and regulatory exceptions to the time and number bars apply here. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. § 1003.2(c)(3)(i)-(iv).

Although ineffective assistance of counsel may warrant an equitable exception to the time and number limitations, Joshue failed to state such a claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). Ineffective assistance may excuse the time and number limitations on a motion to reopen if a movant shows that "counsel's performance was so ineffective [that it] impinged upon the fundamental fairness of the hearing in violation of the fifth amendment of the due process clause." *Id.* at 130 (internal quotation marks and citation omitted). To do so, Joshue was required to demonstrate "that competent counsel would have acted otherwise, and . . . that [s]he was prejudiced by h[er]

3

counsel's performance." *Id.* at 131. To show prejudice, Joshue had to demonstrate that "the outcome of h[er] removal proceedings would have been . . . different" absent the alleged deficiencies. *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010).

While Joshue argues that her counsel could have presented more arguments regarding her naturalization application (that had been denied prior to the hearing) and the aggravated felony ground of removal and that counsel could have pursued other forms of relief, she does not argue or establish any error in her original removal order or identify any relief that she could have applied for. Thus, she did not demonstrate prejudice. *Id.; see also Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (To demonstrate prejudice, the petitioner "must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application."). Because prejudice is a requirement, we do not reach the BIA's other grounds for denying reopening based on ineffective

4

assistance.[1]  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

While the BIA has regulatory authority to reopen proceedings sua sponte despite the time and number bars, 8 C.F.R. § 1003.2(a), we lack jurisdiction to review this "entirely discretionary" determination, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  There is one exception: "where the [BIA] may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the [BIA] for reconsideration in view of the correct law is appropriate."  *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).  However, this exception does not apply here because the BIA did not state that reopening would necessarily fail or misperceive the law.

---

[1] Although the BIA did not discuss equitable tolling, it made dispositive findings that Joshue did not establish the prejudice required to state an ineffective assistance claim which is a prerequisite to equitable tolling.  *See Rashid*, 533 F.3d at 130–31.

First, as discussed above, Joshue did not state an ineffective assistance claim. Second, the BIA acknowledged that Joshue identified a change in the law as set out in *Husic v. Holder*, 776 F.3d 59 (2d Cir. 2015), but declined to reopen sua sponte on that basis because Joshue did not otherwise show that she had an approved visa petition as required to adjust status or that she would merit a waiver or adjustment as a matter of discretion. This was not a misperception of the law. *See Seepersad v. Sessions*, 829 F.3d 121, 124-26 (2d Cir. 2018) (upholding requirement that lawful permanent resident apply to adjust status in connection with a waiver under 8 U.S.C. § 1182(h)); *see also* 8 U.S.C. § 1255(a) (to be eligible to adjust status, an applicant must be the beneficiary of a current visa petition); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (holding that BIA "may leap . . . over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply [deny reopening when] the movant would not be entitled to the discretionary grant of relief"). Although Joshue alleges that her visa petition has since been approved, it was not at the time of the BIA's decision. Thus, the BIA did not err in finding

6

that she was not prima facie eligible for a waiver when it denied reopening.

Moreover, the BIA reasonably observed that the waiver is discretionary and was unlikely to be granted given the severity of Joshue's conviction. Despite Joshue's argument that her conviction should not preclude a favorable exercise of discretion because the waiver is designed for criminal aliens, the BIA did not misperceive the law because it did not conclude that a waiver was unavailable, but rather, that Joshue was unlikely to merit one as a matter of discretion. We lack jurisdiction to review further the BIA's decision not to reopen sua sponte. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court